IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| v. | * | CRIMINAL NO. JKB-19-0036 |
| ZENO BURNETTE, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM AND ORDER

Pending before the Court is Zeno Burnette's Motion for Compassionate Release and a Motion to Appoint Counsel. (ECF Nos. 1528, 1543.) For the following reasons, the Motions will be denied.

### I. *Factual and Procedural History*

Burnette pleaded guilty to conspiracy to participate in the affairs of a racketeering enterprise in violation of 18 U.S.C. § 1962(d). (ECF No. 931.)

The Stipulation of Facts provides, *inter alia*, that Burnette participated in a murder, an agreement that a rival should be murdered, and the attempted murders of three rivals, and that it was reasonably foreseeable to Burnette that his co-conspirators would commit other acts that he did not participate in, including several murders and attempted murders. (*Id.* at 10–12.)

Based upon a total offense level of 40 and a criminal history category of I, the guideline imprisonment range was 292 months to 365 months. (ECF No. 1005 at 15.) However, the parties agreed to a sentence of 240 months pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), (ECF No. 931 at 6), and Burnette was ultimately sentenced to 240 months' imprisonment, (ECF No. 1064).

## II. *Motion for Compassionate Release*

Pursuant to 18 U.S.C. § 3582(c)(1)(A), a district court may modify a convicted defendant's sentence when "extraordinary and compelling reasons warrant such a reduction" and such relief is permitted by "the factors set forth in section 3553(a) to the extent that they are applicable."

### A. Extraordinary and Compelling Reasons

In his pending Motion, Burnette offers several arguments in favor of the Court finding extraordinary and compelling reasons warranting a reduction in his sentence. The Court concludes that he has not presented extraordinary and compelling reasons.

First, Burnette argues that he has demonstrated positive rehabilitation. (ECF No. 1528 at 3.) He explains that he has earned his GED and has maintained employment during his six years of incarceration. (*Id.*) While the Court commends Burnette's efforts, "rehabilitation alone cannot constitute an extraordinary and compelling reason for release." *United States v. Davis*, No. 21-6960, 2022 WL 127900, at *1 (4th Cir. Jan. 13, 2022). Here, particularly given the relatively short amount of time Burnette has been incarcerated given the length of his sentence, the Court does not find that Burnette's rehabilitation presents an extraordinary and compelling reason justifying his release.

Second, Burnette points to his age at the time of the offenses and certain amendments to the United States Sentencing Guidelines. He argues that he was only twenty-four when he was arrested for the instant offense, and that he was only eighteen when the offense conduct first occurred. (ECF No. 1528 at 3.) He explains that "[i]n 2023, Amendment 814 was passed and a new provision was added to expand the list of specific extraordinary and compelling reasons" and he cites to "subsection (b)," which he explains states that a reduction could be warranted

where "the offense conduct occurred when the defendant was in his late teens or early twenties." (*Id.*) The Court notes that the language Burnette cites comes from the "Reason for Amendment," not the Amendment itself, and does not stand for the proposition Burnette contends that it does. That portion of the "Reason for Amendment" states in full that:

> To more fully address the proper role of changes in law in this context, the amendment also adds a new subsection (c) to the policy statement. Whereas subsection (b)(6) narrowly limits the circumstances in which a non-retroactive change in the law can constitute an extraordinary and compelling reason that itself can warrant a reduction in sentence, subsection (c) of the amended policy statement governs the use of changes in the law in cases where a defendant "otherwise establishes that extraordinary and compelling reasons warrant a sentence reduction." In those circumstances, *all* changes in law, including non-retroactive amendments to the *Guidelines Manual*, may properly be considered in determining the extent of a sentencing reduction. For example, a defendant's motion may present the following circumstances: (a) commendable rehabilitation while incarcerated; (b) <u>the offense conduct occurred when the defendant was in his late teens or early twenties</u>; and (c) pursuant to intervening legislation or intervening Guidelines amendments, the sentence likely to be imposed at the time of the motion would be lower than the sentence being served, but not grossly so. In those circumstances, the change in law could not properly be considered an extraordinary and compelling reason warranting a reduction in sentence. However, if the court determines that the combination of the other two factors constitutes an extraordinary and compelling reason, the change in law is among the broad array of factors that may properly be considered in determining the extent of any such reduction.

U.S.S.G., Amend. 814 (underline added). Thus, a defendant's youthfulness on its own was not added as a possible extraordinary and compelling reason warranting release. Rather, the Reason for Amendment provides an example where several factors—including rehabilitation, youthfulness, *and* intervening legislation *in combination* can present an extraordinary and compelling reason warranting release. That circumstance is not present here, and the Court does not find that Burnette's youthfulness presents an extraordinary and compelling reason warranting his release.

Burnette also cites to Amendment 829, which revised the Age Policy Statement. However, this amendment was not made retroactive and is thus not applicable here. *United States v. Mahone*, Crim. No. 12-27, 2025 WL 495376, at *8 (W.D. Va. Feb. 13, 2025). And, in any event, the amendment provides that "[a] downward departure also may be warranted due to the defendant's youthfulness at the time of the offense or prior offenses," U.S.S.G., Amend. 829, and Burnette *did* receive a downward departure from the Guidelines range.

Burnette also points to Amendment 821. As is relevant here, Part B to Amendment 821 provides a mechanism for certain zero-point offenders (*i.e.*, criminal defendants with no criminal history points) to obtain a reduction of their offense level. *See* U.S.S.G. § 4C1.1. However, to be eligible for this reduction, zero-point offenders must meet the criteria enumerated in the amendment, including that "the offense did not result in death or serious bodily injury." *Id.*

In this case, Burnette pleaded guilty to racketeering conspiracy, and the statement of facts of his plea agreement reflects that he participated in one murder and three attempted murders. (*See* ECF No. 931 at 10–11; *see also id.* at 11–12 (explaining that Burnette "agree[d] that it was reasonably foreseeable to him that a victim could be murdered or shot during the course of the conspiracy" and that "it was reasonably foreseeable that his co-conspirators would commit other acts that he did not participate in" including several murders and attempted murders).) Thus, although he is a zero-point offender, he does not qualify for a sentence reduction because the offense resulted in death.

Third, Burnette states that he is not a threat to society. However—similar to his rehabilitation—given the relatively short period of time he has served in comparison to his 240-month sentence, the Court cannot conclude that this presents an extraordinary and compelling reason warranting his release.

Thus, the Court concludes that Burnette has not presented extraordinary and compelling reasons warranting his release. In any event, as the Court explains in more detail in the next section, even if the Court concluded that there was such an extraordinary and compelling reason, the Court concludes that the § 3553(a) factors do not favor Burnette's release.

**B.     18 U.S.C. § 3553(a) Factors**

Section 3553(a) provides that a court shall consider various factors in imposing a sentence, including: (1) the nature and circumstances of the offenses; (2) the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment; (3) the need for deterrence; (4) the need to protect the public; (5) the kinds of sentence and the sentencing range; and (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct. The Court concludes that the 240-month sentence it imposed at sentencing continues to be the sentence that is sufficient but not greater than necessary.

The Court concludes that 240 months remains the appropriate sentence for the same reasons that it initially imposed that sentence, particularly given that the initial sentence was imposed only about two years ago. And, although Burnette contends that the sentence was an "unusually long sentence," it was in actuality a downward variance from the Guidelines range of 292 to 365 months. The Court is cognizant of Burnette's lack of criminal history. However, the nature and circumstances of the offense are highly problematic, given that the organization of which Burnette was part was engaged in extreme criminal conduct. Further, although Burnette was not a leader in the organization, he was aware of the organization's activities, and he played

a significant part in certain of those activities. The offense here was extremely serious. The need for deterrence, both specific and general, is high, as is the need to protect the public.

Thus, in short, the Court concludes that 240 months remains the appropriate sentence.

### III. Motion for Appointment of Counsel

Burnette has also filed a Motion for Appointment of Counsel. (ECF No. 1543.) There is no right to appointed counsel in post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("The right to appointed counsel extends to the first appeal of right, and no further."). However, the Court has discretion to appoint counsel. *See, e.g., United States v. Wylie*, Crim. No. KDB-18-0054, 2021 WL 5406880, at *1 (W.D.N.C. Nov. 18, 2021) ("There is no general constitutional right to appointed counsel in post-conviction proceedings [but the] Court has discretion to appoint counsel in proceedings under 18 U.S.C. § 3582(c) if the interests of justice so require."). In the instant case, however, given the foregoing discussion, Burnette has not demonstrated that the interests of justice warrant the appointment of counsel.

### IV. Conclusion

For the foregoing reasons, it is ORDERED that:

1. Burnette's Motion for Compassionate Release (ECF No. 1528) is DENIED; and
2. Burnette's Motion for Appointment of Counsel (ECF No. 1543) is DENIED.

DATED this 22 day of April, 2025.

BY THE COURT:

James K. Bredar
United States District Judge